IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-01298-CMA-MJW

TABITHA SPENCER,

    Plaintiff,

v.

JUAN RAMON ARANDA,

    Defendant.

---

## ORDER ON DAMAGES

---

This matter is before the Court on Plaintiff Tabitha Spencer's Motion for Default Judgment against Defendant Juan Ramon Aranda. (Doc. # 34.) For the following reasons, the Court grants the motion and awards Plaintiff $10,558.94 in damages.

### I.     BACKGROUND

The events giving rise to this lawsuit occurred on March 9, 2015 when Plaintiff visited Salud Family Health Centers clinic for medical treatment. (Doc. # 4 at 2.) In an examination room, Plaintiff alleges that Defendant, a medical assistant at the clinic, made a number of sexual comments and advances toward her, including pushing himself onto her, kissing her, grabbing "the right side of her buttocks," and rubbing her bare back. (*Id.* at 4.) Plaintiff adds that when she returned home from the clinic, she received several text messages from Defendant, who she claims retrieved her phone number from her medical files. (*Id.* at 3–4.)

1

Based on these events, Plaintiff contacted law enforcement who contacted Defendant on March 12, 2016. (*Id.*) Defendant admitted to making the sexual advances and sending the text messages but stated that he thought Plaintiff wanted him to do so. (*Id.*) Defendant was arrested and charged with unlawful sexual conduct and harassment. (*Id.*) He pled guilty to both charges. (*Id.*)

On March 9, 2016, Plaintiff initiated this suit against Defendant, bringing claims for assault, battery, intentional infliction of emotional distress, negligence, and negligence per se. (Doc. # 1.) On March 3, 2017, based on Defendant's failure to defend or otherwise appear in this lawsuit, Plaintiff filed the instant motion seeking a default judgment against him. (Doc. # 34.)

On August 24, 2017, the Court held an evidentiary hearing on this motion, following which the Court found that, because Defendant failed to defend or otherwise appear in this lawsuit, default judgment was proper under Federal Rule of Civil Procedure 55. The Court also found that there was a legitimate basis for relief, as presented in the Complaint and at the hearing, on Plaintiff's claims for assault, battery, intentional infliction of emotional distress, and negligence.

The only remaining issue before the Court was the amount of damages awardable on those claims, which the Court took under advisement. The Court also permitted Plaintiff to file supplemental briefing on damages—briefing that would incorporate evidence from the hearing, supporting documentation from Plaintiff's medical providers, and applicable legal authority.

On October 5, 2017, Plaintiff filed a Brief For Damages wherein she requests that this Court award her a total $210,558.94. (Doc. # 51.) That total represents $558.94 for

Medicare reimbursements; $150,000.00 for past pain and suffering, mental anguish, and loss of enjoyment of life; and $60,000.00 for future pain and suffering, mental anguish, and loss of enjoyment of life. The Court addresses each request in turn.

## II.　　DAMAGES

### A. LAW

Default judgment cannot be fully entered against a defaulting defendant until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts relating to the amount of damages must be proven in a supplemental hearing or proceeding." *United States v. Craighead,* 176 Fed. Appx. 922, 925 (10th Cir. 2006) (unpublished) (quoting *Am. Red Cross v. Cmty. Blood Ctr. of the Ozarks*, 257 F.3d 859, 864 (8th Cir. 2001)); Fed. R. Civ. P. 55(b). One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments from receiving more in damages than is supported by actual proof. *Id.* at n.2.

A party seeking damages must set forth proof of damages to provide the Court a record sufficient to decide the matters before it. This includes the submission of affidavits, testimony by witness, and other proper documentary evidence in support of the claimed damage amounts. *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983); *Ullico Cas. Co. v. Abba Shipping Lines, Inc.*, 891 F. Supp. 2d 4, 7 (D.D.C. 2012). The Court is vested with broad discretion in awarding damages. *Dolenz v. United States*, 443 F.3d 1320, 1321 (10th Cir. 2006).

**B. MEDICARE REIMBURSEMENTS**

Plaintiff requests an award of $558.94 to be reimbursed to the Medicare Department of Coordination of Benefits and Recovery. The Court finds that an award for Plaintiff's total request in Medicare reimbursement costs is appropriate in this case. This award is supported by Plaintiff's testimony from the hearing, written briefing, and Medicare billing records. Combined, this evidence suggests that the following expenses are related to injuries sustained from the underlying incident:

- $115.66 in charges from Sky Lakes Medical Center for treatment Plaintiff sought for insomnia related to her PTSD and anxiety;
- $78.00 in charges from Megan Auer for treatment Plaintiff sought for chest pain and mini-strokes stemming from stress, anxiety, and trauma;
- $199.53 in charges from Interpath Laboratory, Inc. for treatment Plaintiff sought for anxiety and blood tests related to the worsening of her heart condition; and
- $165.75 in charges from William McCord for treatment Plaintiff sought for chest pain induced by stress and anxiety.

Based on these charges and the evidence supporting them, the Court awards Plaintiff $558.94 in Medicare reimbursement costs.

**C. PAIN AND SUFFERING, MENTAL ANGUISH, LOSS OF ENJOYMENT OF LIFE**

Plaintiff requests an award of $150,000.00 for past pain and suffering, mental anguish, and loss of enjoyment of life and $60,000 for future pain and suffering, mental anguish, and loss of enjoyment of life. The Court, however, finds that a total award of $10,000 is more appropriate in this case.

At the evidentiary hearing, Plaintiff testified to the struggles she has experienced since the incident.  She explained how she moved away from Colorado out of fear that the Defendant might come to her home.  She added that she can no longer trust medical professionals, struggles to leave her house or accomplish daily activity, and has been diagnosed with PTSD, bipolar, anxiety, and major depressive disorder.  Plaintiff contends that she takes a number of medications related to these diagnoses following the incident.  Plaintiff's daughter also testified on Plaintiff's behalf.  She reiterated that, since the incident, Plaintiff has struggled to leave the house or get out of bed.  She added that she takes care of Plaintiff's daily needs, including doing her grocery shopping, paying her bills, and reminding her to take her medications.

Nonetheless, the record does not support Plaintiff's or Plaintiff's daughter's contentions.  Although Plaintiff testified that she struggles to leave her home or get out of bed, Plaintiff also testified that she went camping for over five months after leaving Colorado.  Further, although Plaintiff contends that she distrusts medical professionals, her testimony that she sees numerous doctors and attends myriad medical appointments strongly suggests otherwise.  Plaintiff submitted some medical evidence from her primary care physician, but none of these documents support her testimony that she has debilitating pain and suffering as a result of Defendant's conduct.  Nor do her medical records suggest that she is undergoing mental health therapy for her mental illnesses or that she plans to do so.  Instead, these documents reflect that, over the course of the past year, Plaintiff has sought treatment for the following medical reasons: urinary tract infections, a colonoscopy, an annual exam, routine blood

pressure checks, depression and insomnia medication refill requests, pain in her knees and ankles, and mouth ulcers. (Doc. # 51-4.)

More importantly, at the evidentiary hearing, Plaintiff presented no medical testimony about her mental and emotional impairments. She also struggled to recall or detail the reasons for many of her medical bills and hospital visits. Plaintiff has not submitted any sworn affidavits or letters from any of her multiple treatment providers. Without such evidence, the Court cannot award Plaintiff all she requests or attribute all her debilitating symptoms directly to Defendant's conduct, especially considering Plaintiff's testimony and records reflecting that (1) Plaintiff experienced significant trauma before the underlying incident, including a previous sexual assault for which she sought therapy; and (2) Plaintiff suffered from several medical issues before the incident, including a heart condition, fibromyalgia, and high blood pressure—all of which she now attributes in part to Defendant's conduct.

The Court nonetheless recognizes that Plaintiff has experienced some pain and suffering, mental anguish, and loss of enjoyment of life as a result of the underlying incident. The Court therefore awards Plaintiff $5,000.00 for past pain and suffering, mental anguish, and loss of enjoyment of life, and $5,000.00 for future pain and suffering, mental anguish, and loss of enjoyment of life.

### III. CONCLUSION

Accordingly, on consideration of Plaintiffs' Motion for Default Judgment, the evidence presented at the evidentiary hearing, and Plaintiff's supplemental briefing, the Court hereby ORDERS as follows:

A. Plaintiff's Motion for Default Judgment (Doc. # 34) is GRANTED. Default Judgment is entered against Defendant Juan Ramon Aranda.

B. The Court finds that Defendant Aranda is liable to Plaintiff in the following amounts:

    i. $558.94 in Medicare reimbursement costs;

    ii. $10,000 in damages for past and future pain and suffering, mental anguish, and loss of enjoyment of life; and

    iii. Prejudgment interest at the legal rate of 8% compounded annually from December 29, 2015[1] until the date of this judgment, to be awarded on the $558.94 damage amount only.

DATED: November 30, 2017        BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge

---

[1] This represents the latest date on which Plaintiff incurred the claimed Medicare reimbursement charges.